Dear Mayor Pigno:
This office is in receipt of your request for an opinion of the Attorney General in regard to the power of the Mayor to hire an attorney in addition to the municipal attorney. In this regard you seek an opinion on the following questions:
 1. Given that a municipal attorney can only be appointed upon recommendation by the Mayor and approval of the Board, can the Mayor unilaterally retain the services of other counsel for specific needs without the approval of the Board, and while the municipal attorney continues to hold his position;
 2. If the answer to the above question is in the affirmative, can the Mayor pay the other counsel without approval of the Board; and
 3. In any case, where the municipal attorney has filed suit naming the Mayor, Alderwoman and Village as defendants, is he still entitled to payment under his retainer contract with the Village.
In answer to your first two questions we must conclude under various state statutes that the Mayor cannot retain and pay a counsel in addition to the city attorney without approval of the Board.
R.S. 33:386(C) provides the mayor may appoint and fix compensation for an attorney for the municipality "subject to confirmation by the board of aldermen". Moreover, this office has recognized while the mayor may authorize an individual to perform services for the benefit of the City, he may not legally obligate the City to pay for those services without the approval of the Board of Aldermen, Atty. Gen. Op. No. 90-616.
Following this same reasoning, in Atty. Gen. Op. 95-226 this office observed when a contract involves the expenditure of funds belonging to the municipality the Mayor and Board of Aldermen have to concur in the contract, and to employ an attorney to represent the Board of Aldermen requires that the Mayor and Board concur. Therein it was further noted that R.S. 33:386(C) allows for the appointment of an attorney for the municipality and fixing of compensation for that attorney by the Mayor subject to confirmation by the Board of Aldermen, but makes no provision for employing an attorney for and by the Board of Aldermen.
Similarly, in Atty. Gen. Op. No. 90-135 it was held that the Chief of Police could not hire an outside attorney to defend him against a Civil Service Board ruling and pay that attorney out of funds appropriated to the police department by the municipality unless the money has been specifically appropriated for that purpose by the Mayor and Board of Aldermen.
It would therefore follow that there is no provision for the Mayor to employ an attorney for his defense at the cost of the municipality without concurrence of the Board of Aldermen.
While the facts are not related that precipitate your questions, it would appear from your third question that an attorney other than the municipal attorney may be necessary inasmuch as your state the municipal attorney has filed suit against the Mayor, Alderwoman and Village. Consequently, we feel attention should be given to R.S. 33:1813 that provides, "A municipality may employ, fix the compensation for, and pay additional counsel in cases of extreme necessity." Of course, whether there is an "extreme necessity" is factual which we are not in a position to determine.
However, in the event that the Board of Aldermen would not concur in the hiring of a defense attorney, we feel it is pertinent to observe that this office has recognized while there is no statutory authority in Louisiana which mandates a municipality to provide a legal defense for one of its officers, this office has consistently held the opinion that when a public official is found exonerated from all allegations in a civil action for misconduct arising out of his duties of office, the public body may reimburse its official for reasonable attorney's fees resulting from the defense against such allegations. See Atty. Gen. Op. Nos. 96-210, 95-242, 94-613.
Of course, we do not know if the suit in question alleges violations arising out of misconduct of duties of office so that the above cited conclusion would be pertinent factually to the suit in question in the event the plaintiff is defeated.
In answer to your final question, we must conclude as long as the municipal attorney has not been replaced and is filing suit as the attorney for the municipality, he is entitled to payment as agreed upon by the municipality.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE Assistant Attorney General
BBR